**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

ABDOULAYE BARRY,

                Petitioner,

   v.

JEREMY CASEY, *et al.*,

                Respondents.

Case No. 26-cv-01408-BAS-DEB

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1)**

Petitioner Abdoulaye Barry filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, requesting immediate release or a bond hearing.  (ECF No. 1.)  The Government responded to the Petition, conceding that, based on this Court's prior rulings, Petitioner is entitled to a bond hearing.  (ECF No. 3.)  Petitioner filed a Traverse.  (ECF No. 4.)  For the reasons stated below, the Court **GRANTS** the Petition and orders that Petitioner be given a bond hearing within seven days.

**I.    LEGAL STANDARD**

A writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld,* 542 U.S. 507, 525 (2004).  "The traditional function of the writ is to secure release from illegal custody."  *Preiser v. Rodriguez,* 411 U.S. 475, 484

- 1 -

(1973).  A court may grant a writ of habeas corpus to a petitioner who demonstrates he or she is in custody in violation of the Constitution or federal law.  28 U.S.C. § 2241(c)(3).  It applies to non-citizens detained within the United States. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).  Since Petitioner is in custody and since he is seeking release from custody, he has standing to pursue this Petition.

**II.    ANALYSIS**

Petitioner, a native of Guinea, entered the United States without inspection on August 13, 2024, and has lived continuously in the United States since then.  (ECF No. 1 ¶¶ 1, 25.)  He was arrested in New York City and transferred to the Imperial Regional Detention Center in Calexico, California.  (ECF No. 1 ¶¶ 31–32.) The Government maintains that Petitioner's detention is mandatory pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (ECF No. 3.)

The Central District of California certified a class and essentially overruled *Yajure Hurtado*.  *Maldonado Bautista v. Santacruz*, __ F. Supp. 3d __, 2025 WL 3713982 (C.D. Cal. Dec. 18, 2025).  Although the Ninth Circuit stayed and restricted application of that class to only those located in the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the Court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under section 1225. *See, e.g.*, *Gregorio v. LaRose*, No. 25-cv-03322-BAS-BJW, 2025 WL 3653998 (S.D. Cal. Dec. 17, 2025); *Zayas v. Gordon*, No. 26-cv-00237-BAS-DEB, 2026 WL 266275 (S.D. Cal. Feb. 2, 2026); *Trujillo v. Noem*, No. 26-cv-00268-BAS-VET, 2026 WL 266496 (S.D. Cal. Feb. 2, 2026).  Hence, for all the reasons stated in these previous opinions, the Court **GRANTS** the Petition.

//

//

//

//

26cv1408

## III.  CONCLUSION

Accordingly, the Court issues the following writ:

The Court **ORDERS** a bond hearing before an Immigration Judge for Abdoulaye Barry (A# 221-158-815) within 7 days of the date of this Order. The bond hearing shall be governed by 8 U.S.C. § 1226(a), not § 1225(b)(2). If no bond hearing is held within 7 days, Petitioner is ordered released forthwith.

The Clerk of the Court shall close the case.

**IT IS SO ORDERED.**

**DATED: March 16, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**

- 3 -

26cv1408